**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Thach Ngoc PHAM, a/k/a Kevin Pham,**
**Defendant—Appellant.**

No. 01–30077.

D.C. No. CR–99–00297–JAR.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2002.*

Decided Jan. 14, 2002.

---

15. *Id.*

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMAS, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

Thach Ngoc Pham appeals his convictions for conspiracy to commit bank fraud and aiding and abetting bank fraud. We affirm. The sole question on appeal is whether the evidence was sufficient to support the bank fraud convictions as alleged in counts three, four, five and nine of the indictment. In considering this challenge, we review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1163 (9th Cir. 2000).

After a careful review of the record and the briefs submitted by the parties, we conclude that the evidence was sufficient to sustain the convictions. Pham's primary argument is that the government did not provide evidence directly linking him to the cashed checks underlying the contested counts. However, a defendant may be convicted of aiding and abetting substantive offenses without direct evidence linking him to the commission of the substantive counts if there is sufficient circumstantial evidence to support the finding. *Nye & Nissen v. United States*, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919 (1949). Further, evidence of a defendant's involvement with prior and subsequent instances of criminal activity can be used to establish his guilt as an aider and abettor. *United States v. Smith*, 832 F.2d 1167, 1169 (9th Cir.1987).

Credible evidence was presented at trial that Pham and his partner developed a check-cashing scheme that lasted seven months, involving the cashing of counterfeit checks at twenty-four businesses. Pham and his partner recruited persons to pass the checks, assisted in obtaining false identification cards, provided the counterfeit checks, drove the check passers to banks and divided proceeds with the passer after the counterfeit checks had been passed. Viewing the evidence in the light most favorable to the government, we conclude that a rational juror could have drawn the inference from Pham's overall involvement in the scheme, and the circumstantial evidence surrounding the particular transactions, that Pham was guilty of the alleged crimes. Thus, the evidence was sufficient to sustain the convictions on the disputed counts.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.